LSi SERVICE CORPORATION
v.
UNITED STATES.
No. 251–69.

United States Court of Claims.
March 20, 1970.

Mike Tesio, Jr., atty. of record, for plaintiff.

C. Michael Sheridan, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

PER CURIAM.

Plaintiff, LSi Service Corporation, has filed a claim to recover an unpaid balance allegedly due to excess costs under what it has termed a "cost reimbursement" contract with the Department of Health, Education, and Welfare (hereinafter referred to as defendant). The contracting officer denied plaintiff's request for cost reimbursement and the Board of Contract Appeals of Health, Education, and Welfare dismissed plaintiff's appeal. Plaintiff seeks review under the Wunderlich Act standards, 41 U.S.C. §§ 321, 322 (1964), and the case is now before us on cross-motions for summary judgment. The facts of the case are as follows:

Plaintiff entered into a written contract with the contracting officer of the Department of HEW for the purpose of providing and managing an evaluation of 1966–1967 Field Projects Under Title I of the Elementary and Secondary Education Act for the National Advisory Council for the Education of Disadvantaged Children. The period of the evaluation was from November 4, 1966 to March 20, 1967. The entire agreement

was contained in a written contract headed "Cost Reimbursement Contract," which provided for an estimated cost of $57,210 and a fixed fee of $4,005. Article 22 of the contract stated that if the contractor had reason to believe that the total cost of the contract would be substantially greater or less than the estimated cost, he would submit a written revised estimate to the contracting officer. Thereupon, the contracting officer would decide whether to allow any excess costs and then notify the contractor of that decision in writing. The inclusion of such an article would normally make the agreement a cost reimbursement contract, which by its nature does not specifically limit costs. The contract in question, however, also contained the following:

## ARTICLE 17. COST LIMITATION

Notwithstanding, the Terms and Conditions of Article 22 entitled, "Limitation of Cost" of the General Provisions, the Contractor agrees to faithfully and diligently pursue and complete the work specified in this proposal SP 9–67–1A at a maximum total cost, including fee of $61,215.00.

The contract was agreed to and signed by the parties sometime before November 4, 1966, and amended only once, to allow for a change in the scope of the contract, based upon a specific summary and statement of the cost of the additional work submitted by plaintiff on December 22, 1966. The amendment increased the estimated cost from $57,210 to $65,959 and increased the fixed fee from $4,005 to $4,617. These increases were reflected in the cost limitation provision, Article 17, so that the cost limit was changed to $70,576. No other changes were ever made.

In February of 1967, plaintiff notified defendant of a change in the date of a conference, and stated that the changed date was beyond the period of coverage. Defendant replied that plaintiff could perform the logistical services for the conference well before its scheduled date and, further, that the cost of such conference had been provided for in that it was specified in the contractor's letter of December 22, 1966, and therefore covered by the amendment.

By letter dated February 28, 1967, and again on April 10, 1967, plaintiff requested an additional $20,000 to be added to the contract cost, citing a number of reasons. Both requests were denied. On April 26, 1967, defendant indicated to plaintiff that the work was complete. Plaintiff submitted an account showing it had expended $102,873.12, had been paid $70,576, and that $32,297.18 was due and unpaid. Plaintiff's claim before the Board of Contract Appeals for HEW, which was denied, was reduced to $21,478, and plaintiff now sues in this court for that amount.

Plaintiff has moved for summary judgment on the grounds: (1) that the Board erred in holding that the parties entered into a fixed price contract, with a maximum cost, rather than a cost reimbursement contract, and (2) that the Board's decision is arbitrary, capricious, and not supported by substantial evidence. Plaintiff's motion and brief are wholly insufficient to sustain either of its allegations. In attacking the sufficiency of the findings made by the Board, plaintiff has misconceived the function of this court in cases reviewed pursuant to the Wunderlich Act, because plaintiff has asked the court to "review the complete record of the administrative proceedings concerning this issue which, in turn, shall prove self-evident of the fact that the Board of Contract Appeals clearly disregarded the true intention of the parties * * *." It is not the task of this court to research the administrative record in order to sustain such unsupported allegations. As we have said before:

* * * The entire administrative record is before us, however, and the plaintiff has the burden of establishing the fact that the record does not support the Board's finding. This it has failed to do. It is not the court's function to supply this deficiency by an independent excursion along the

administrative trail. Sundstrand Turbo v. United States, 182 Ct.Cl. 31, 60, 389 F.2d 406, 422–423 (1968).

Looking to the record before us, we find that plaintiff has called our attention to only two facts in support of its motion: (1) the agreement was headed "Cost Reimbursement Contract," and (2) an audit report by the Government refers to the agreement as a cost-plus-fixed-fee contract.

Certainly, without more, we cannot find that these facts are sufficient to discharge plaintiff's burden of proof. Neither the heading of the contract, nor its description in a Government audit report is sufficient to change the nature and legal import of the provisions of the contract itself. The Board held, and we agree, that Article 17 converted what would have been a cost-plus contract into a limited price contract. Article 17 stated that notwithstanding the payment provisions of Article 22, the cost limit stated in Article 17 was to prevail. The Board found that the contract was clearly understood to contain a fixed price provision, that this provision did not render the agreement ambiguous, and that the contractor could not reasonably construe it differently. *See* Sun Shipbuilding & Dry Dock Co. v. United States, 183 Ct.Cl. 358, 393 F.2d 807 (1968). The Board also found that even under Article 22 plaintiff could not recover, since it had not complied with the provisions of that article of the contract. Nothing has been suggested to us to show that these findings were incorrect.

Since we agree with the Board's interpretation of the contract and have concluded that the Board's decision is supported by substantial evidence and is not arbitrary or capricious, the decision is final and conclusive. Plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment is granted. Plaintiff's petition is dismissed.